IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KATHERANNE ESQUIBEL-MEAD,<br><br>    Plaintiff,<br>vs.<br><br>AMERICAN GENERAL LIFE<br>INSURANCE COMPANY,<br><br>    Defendant. | No. 1:21-cv-00365-PJK-JHR |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff's Motion for Remand filed May 13, 2021. ECF No. 8. Upon consideration thereof, the court finds that the motion is not well taken and should be denied.

**Background**

This case arises out of a structured annuity settlement that Wesley Mead — Plaintiff Katheranne Esquibel-Mead's husband — entered into in 1983 prior to the marriage. Compl. at 1 (ECF No. 1-1). The settlement provided that in exchange for a release of liability, Mr. Mead would receive various lump-sum payments as well as monthly annuity payments that would continue "until the later of (i) through and including December 15, 2003 or (ii) the death of [Wesley Mead]." Ex. 1 at 17–18 (ECF No. 1-1). Mr. Mead passed away on April 10, 2015. Compl. at 3 (ECF No. 1-1).

Following Mr. Mead's death, Ms. Esquibel-Mead retained counsel who wrote letters to AIG[1] in 2015 and 2016 to inquire about the operation of the annuity policy. Id. at 4–6. Although AIG sent one reply to Ms. Esquibel-Mead and her counsel, it did not specifically answer Plaintiff's questions. Id. at 5. The annuity payments continued to be deposited into the couple's joint checking account until 2020. Id. at 9.

In September 2020, Defendant American General Insurance Company ("American General") demanded return of these mistaken annuity payments. Id. at 7. Despite some initial confusion about the specific amount demanded, American General was attempting to recover $154,860.10 that was allegedly paid to Ms. Esquibel-Mead following the death of Mr. Mead. Id. at 8. Ms. Esquibel-Mead also alleges that American General attempted to remove that amount from the bank account at the Bank of Albuquerque. Id. at 7.

As a result, Ms. Esquibel-Mead filed suit in March 2021 against American General in the Second Judicial Court, County of Bernalillo, New Mexico. The complaint includes four claims: (1) Breaches of Contract, (2) Violations of the Unfair Practices Act, (3) Violations of the Unfair Trade Practices Act, and (4) Attempted Second Degree Embezzlement, Fraud or Theft. Id. at 10–16. Ms. Esquibel-seeks various damages including compensatory, statutory, treble, and punitive, as well as attorneys'

---

[1] Defendant American General Insurance Company ("American General") is a wholly owned subsidiary of AIG. Although Ms. Esquibel-Mead's briefs refer to the defendant as AIG, this order will refer to defendant as American General.

fees and costs.  See, e.g., id. at 1.  Although specifying damages in the complaint is not required under New Mexico law, counsel for Ms. Esquibel-Mead certified "that Plaintiff is seeking compensatory relief in excess of Twenty-Five-Thousand Dollars . . ." in order to avoid court-annexed arbitration.  Ex. 1 at 39 (ECF No. 1-1).

On April 21, 2021, American General removed the case to federal court in accordance with 28 U.S.C. § 1446.  ECF No. 1.  Removal was premised on diversity jurisdiction because Ms. Esquibel-Mead is a citizen of New Mexico and American General is a citizen of Texas, and American General stated that Ms. Esquibel-Mead's claims for relief exceeds $75,000.  Notice of Removal at 2–5 (ECF No. 1).  Shortly thereafter, American General filed a motion to dismiss and brought a counterclaim for unjust enrichment of the $154,860.10.  ECF Nos. 4–5.

Following removal, Ms. Esquibel-Mead mailed a cashier's check for $79,860.10 to American General in an attempt to reduce the value of the counterclaim to exactly $75,000.  See Ex. 1 at 3 (ECF No. 8).  Then on March 13, 2021, Ms. Esquibel-Mead filed the instant motion to remand arguing that the amount in controversy is only $3,375.06, which is potentially subject to treble damages.  ECF No. 8.

This court conducted a status conference on May 27, 2021 and heard argument on pending motions.  See ECF No. 10.  Although Ms. Esquibel-Mead would ordinarily be given the opportunity to file a reply brief, see D.N.M.LR-Civ. 7.4(a), the court is informed by the motion and response, and counsel have stated their positions.  A reply is

3

unnecessary. The court concludes that federal jurisdiction is proper and Ms. Esquibel-Mead's Motion for Remand (ECF No. 8) should be denied.

## Discussion

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to a federal court provided the federal court would have had original jurisdiction over the case. As American General removed this case, it "bear[s] the burden of establishing jurisdiction by a preponderance of the evidence." Dutcher v. Matheson, 733 F.3d 980, 985 (10th Cir. 2013); see Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 88–89 (2014). This court must determine whether removal is proper based "on the complaint as it stands at the time of the removal." Salzer v. SSM Health Care of Okla. Inc., 762 F.3d 1130, 1133 (10th Cir. 2014) (citation omitted).

American General invokes diversity jurisdiction as the basis for removal and therefore must establish (1) diversity of citizenship and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Ms. Esquibel-Mead does not appear to contest that there is complete diversity. As to the amount in controversy, American General contends the amount is more than $75,000, while Ms. Esquibel-Mead argues it is significantly less. New Mexico's Rules of Civil Procedure direct parties not to plead "any specific monetary amount" for damages, unless such an allegation is necessary. NMRA 1-008(A)(3). Ms. Esquibel-Mead therefore did not plead a specific amount of

4

damages in her complaint. See generally Compl. (ECF No. 1-1). However, American General can establish the amount in controversy through, among other things,

> contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations; by reference to the plaintiff's informal estimates or settlement demands; or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

McPhail v. Deere & Co., 529 F.3d 947, 954 (10th Cir. 2008) (citation omitted).

Here, American General has satisfied the court that federal diversity jurisdiction is proper. At the time of removal, Ms. Esquibel-Mead's complaint included a host of claims related to American General's efforts to recover $154,860.10 that was mistakenly paid. She sought various damages — including treble damages — as well as attorneys' fees and costs. She also describes American General's conduct as fraudulent and extortionate, which could provide the basis for her claim of punitive damages. See Paiz v. State Farm Fire and Cas. Co., 880 P.2d 300, 307 (N.M. 1994). But most importantly, her counsel certified "that Plaintiff is seeking compensatory relief in excess of Twenty-Five-Thousand Dollars ($25,000.00) exclusive of '. . . all pending claims, attorney fees, costs and interests as allowed by law . . . ." Ex. 1 at 39 (ECF No. 1-1); see McPhail, 529 F.3d at 954 (noting types of evidence that a court may consider). Given that Ms. Esquibel-Mead's complaint was also seeking treble damages and attorneys' fees on top of

the compensatory damages,[2] American General has plausibly shown that the amount in controversy exceeds $75,000.

Ms. Esquibel-Mead argues that the case is worth only $3,375.06 based on approximately $1,500 in legal fees and $1,875.06 that American General improperly demands. Mot. Remand at 7 (ECF No. 8). Ms. Esquibel-Mead has also made efforts to reduce the amount in controversy, including: (1) providing a cashier's check to American General for $79,860.10; (2) providing counsel's affidavit stipulating that she will not seek more than $75,000 should the case be remanded; and (3) withdrawing her third claim, which was the basis for her seeking treble damages. See Ex. A (ECF No. 8); Ex. 1 (ECF No.8); Resp. Mot. Dismiss at 3 (ECF No. 15). She argues that this post-removal evidence is properly considered when assessing the amount in controversy. Mot. Remand at 5 (relying on Swiech v. Fred Loya Ins. Co., 264 F. Supp. 3d 1113 (D.N.M 2017)). The law is otherwise.

Ms. Esquibel-Mead's post-removal conduct does not deprive this court of jurisdiction. As noted at the outset, removal jurisdiction is based on the complaint at the time of removal. See Salzer, 762 F.3d at 1133. "Once jurisdiction has attached, events

---

[2] Ms. Esquibel-Mead's third claim was brought under the Unfair Practices Act, which allows for treble damages and attorneys' fees if a party willfully engages in "an unfair or deceptive trade practice or an unconscionable trade practice." N.M. Stat. Ann. §§ 57-12-10(B), (C). Her second claim was brought under the Insurance Trade Practices and Fraud Act, which provides recovery for attorneys' fees under similar circumstances. See N.M. Stat. Ann. § 59A-16-30.

subsequently defeating it by reducing the amount in controversy are unavailing." Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998). Indeed, the Supreme Court has explicitly rejected what Ms. Esquibel-Mead attempts to do here — that is, reducing claims and stipulating that plaintiff will seek less than $75,000. The Court stated that though "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938). Although Ms. Esquibel-Mead's attempt to pay down a counterclaim is a unique way of challenging jurisdiction, it still does not factor into the court's assessment. Post-removal evidence can be relevant to resolve ambiguities, see McPhail, 529 F.3d at 954; but it is not available to circumvent federal jurisdiction, see St. Paul Mercury, 303 U.S. at 292.

Finally, Ms. Esquibel-Mead's arguments regarding N.M. Stat. Ann. §53-17-20 and the claim that American General lacks a certificate of authority must be rejected. American General has provided its certificate of authority required by N.M. Stat. Ann. § 59A-1-14. See Ex. A (ECF No. 18-1). Moreover, Ms. Esquibel-Mead withdrew her motion to compel American General's corporate registration during the status conference on May 27, 2021.

NOW, THEREFORE, IT IS ORDERED that:

(1) Plaintiff's Motion for Remand filed May 13, 2021 (ECF No. 8) is denied, and

7

(2) The following motions are withdrawn from consideration: Plaintiff's Motion to Compel Defendant's Mandatory Corporate Registration under NMSA § 53-17-20 filed May 13, 2021 (ECF No. 9) and Plaintiff's Amended Motion to Compel Defendant's Mandatory Corporate Registration under NMSA § 53-17-20 filed May 21, 2021 (ECF No. 14).

DATED this <u>1st</u> day of June 2021, at Santa Fe, New Mexico.

<u>Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation

Counsel:

Eric Sedillo Jeffries, Eric Sedillo Jeffries, LLC, Albuquerque, New Mexico, for Plaintiff.

Amy B. Boyea, McDowell Hetherington, LLP, Arlington, Texas and Leslie McCarthy Apodaca, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendant.