IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KATHERANNE ESQUIBEL-MEAD,

    Plaintiff,

vs.

No. 1:21-cv-00365-PJK-JHR

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

    Defendant.

ORDER ON MAY 27, 2021 STATUS CONFERENCE

THIS MATTER came on for an in-person status conference in Albuquerque, New Mexico on May 27, 2021. Eric Jeffries appeared for the Plaintiff. Amy Boyea (lead counsel) and Leslie Apodaca (local counsel) appeared for the Defendant. Upon consideration thereof,

(1) Plaintiff's Motion to Compel Defendant's Mandatory Corporate Registration under NMSA § 53-17-20 filed May 13, 2021 (ECF No. 9), and Plaintiff's Amended Motion to Compel Defendant's Mandatory Corporate Registration under NMSA § 53-17-20 filed May 21, 2021 (ECF No. 14) were withdrawn.

(2) Plaintiff's Motion for Remand filed May 13, 2021 (ECF No. 8) was argued and the court denied the motion. A memorandum opinion and order has been filed contemporaneously herewith (ECF No. 21).

(3) Plaintiff's counsel requested that he be allowed to facilitate and/or resolve this case with Defendant's local counsel rather than its lead counsel. That request was denied. Ordinarily, a party has the right to select its counsel absent some type of conflict. Sanders v. Rosenberg, 930 P.2d 1144, 1146 (N.M. 1997); see also Shaffer v. Farm Fresh, Inc., 966 F.2d 142, 146 (4th Cir. 1992); Gov't of India v. Cook Indus., Inc., 569 F.2d 737, 739 (2d Cir. 1978). Motions to disqualify in this court are governed by the New Mexico Rules of Professional Conduct and the American Bar Association Model Rules of Professional Conduct. See Cole v. Ruidoso Mun. Sch., 43 F.3d 1373, 1383 (10th Cir. 1994). One seeking to disqualify counsel has the burden under federal law, and the court is not satisfied the Plaintiff demonstrated such a conflict. See id.; see generally Douglas R. Richmond, Lawyers as Witnesses, 36 N.M.L. Rev. 47 (2006).

(4) Plaintiff's counsel recently indicated his intent to file a motion to disqualify Ms. Boyea as a necessary witness pursuant to N.M. R. Prof'l Cond. 16-307. ECF No. 19. Counsel is reminded of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure that any such motions must be made only after a reasonable inquiry into the facts and law to establish that the attorney's testimony is material, not available from another source, and potentially prejudicial to the testifying attorney's client. See Chappell v. Cosgrove, 916 P.2d 836, 840 (N.M. 1996).

NOW, THEREFORE, IT IS ORDERED that Plaintiff's request to limit the involvement of Defendant's lead counsel is denied at this time.

DATED this 1st day of June 2021, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

Eric Sedillo Jeffries, Eric Sedillo Jeffries, LLC, Albuquerque, New Mexico, for Plaintiff.

Amy B. Boyea, McDowell Hetherington, LLP, Arlington, Texas and Leslie McCarthy Apodaca, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendant.